UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT WILLIAMS, JR., | Civil File No. 08-4706 (MJD/SRN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| JESSICA SIMMS, (Warden), | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this case be dismissed without prejudice.

Plaintiff, an inmate at the Sherburne County Jail in Elk River, Minnesota, commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) Plaintiff did not pay the $350 filing fee required by 28 U.S.C. § 1914(a) when he commenced this action, but he instead filed the IFP application that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, the initial partial filing fee that Plaintiff is required to pay under the formula prescribed by § 1915(b)(1) is $28.81.  However, Plaintiff did not tender his initial partial filing fee with his complaint and IFP application.  Therefore, by order dated July 18, 2008, (Docket No. 3), Plaintiff was directed to pay his initial partial filing fee of $28.81 within twenty days.  The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due, nor has he offered any excuse for his failure to do so.[1]  Therefore, in accordance with the Court's prior order of July 18, 2008, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

---

[1] Plaintiff has written letters to the undersigned Magistrate Judge, and to the District Court Judge to whom this case is assigned, (Docket Nos. 4 and 5), which express concern about the observations set forth in footnote 1 (on p. 3) of the prior order in this case.  That footnote pointed out to Plaintiff that his complaint did not appear to state an actionable claim against the only named Defendant, and that it therefore seemed unlikely that this case could survive the initial screening process mandated by 28 U.S.C. § 1915A.  Plaintiff was advised to carefully consider whether it would be prudent to commit himself to spending $350, (from his apparently limited financial resources), to pursue a lawsuit that appeared to have little chance of success.  Plaintiff evidently misconstrued this Court's observations and advice as a sign of judicial bias or prejudice; but, in fact, the Court was merely attempting to point out to Plaintiff, (a pro se litigant), that his lawsuit appeared to be ill-fated, and that he could be liable for the full $350 filing fee, even if his case were to be quickly dismissed.

In any event, nothing in Plaintiff's letters provides any excuse for his failure to pay his initial partial filing fee in a timely manner.  Indeed, Plaintiff's letter to the District Court Judge specifically acknowledges his obligation to pay his fee.  However, it has now been two months since Plaintiff was ordered to pay his fee, and he still has not done so.

See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); Henderson v. Renaissance Grand Hotel, Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated:   September 17, 2008

  s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 2, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.